# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRAVIS E. WILKES,
> Appellant,

v.

DEPARTMENT OF VETERANS
> AFFAIRS,
> Agency.

DOCKET NUMBER
DA-0432-11-0466-C-1

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel J. Gamino</u>, Esquire, Oklahoma City, Oklahoma, for the appellant.

<u>Joan M. Green</u>, Esquire, Oklahoma City, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement following the Board's reversal of his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the analysis concerning the reinstatement of the appellant's Thrift Savings Plan (TSP) account loan, we AFFIRM the compliance initial decision.

## BACKGROUND

¶2      The appellant filed a petition for enforcement of the Board's Final Order in *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-3, Final Order (Aug. 21, 2014), which ordered the agency to cancel his removal and retroactively restore him to duty, effective April 23, 2011,[2] with back pay and benefits. In his petition, the appellant alleged that the agency failed to comply with the Board's order because it had not provided a complete written narrative account of the actions taken to restore him and because he had not been fully reinstated. Compliance File (CF), Tab 1 at 5.

¶3      The administrative judge found that the agency adequately explained its back pay calculations and that the appellant's claim for an additional $10,219.57 was based on computation errors. CF, Tab 20, Compliance Initial Decision (CID)

---

[2] The Board's Final Order contained a typographical error and referred to the appellant's effective restoration date as April 23, 2014. *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-3, Final Order (Aug. 21, 2014). The appellant's effective restoration date should be April 23, 2011.

at 2-3. The administrative judge further found that the parties merely used different rounding methods to calculate the deductions for life insurance premiums and the agency's rounding method favored the appellant by $24.65. CID at 3. The administrative judge also found that, to the extent that the agency erred by not providing a written narrative statement setting forth its back pay calculations, the error was harmless because the agency provided the appellant and his representative with a spreadsheet explaining the calculations and they had the opportunity to ask agency officials about the spreadsheet and the back pay calculations. *Id.* The administrative judge found that the agency was in compliance regarding the appellant's TSP account because the agency could not change the distribution of funds in his account, but he could, by directly contacting the Federal Retirement Thrift Investment Board (FRTIB). CID at 3-4. The administrative judge also found that the appellant cited no regulation or rule requiring the agency to reimburse him for the tax consequences of a TSP loan converted to a withdrawal when he separated from service. CID at 4-5.

¶4 The appellant has filed a petition for review. Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed an opposition to the appellant's petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency provided the appellant with adequate notice of how it calculated his back pay award.</u>

¶5 When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The agency bears the burden to prove compliance with the Board's order. *Id.* An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of

compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

¶6		The appellant argues that the agency failed to comply with the relief order because it never provided a written narrative explaining how his back pay award was calculated. CPFR File, Tab 1 at 6-8, 10-11, 14-15. The Board ordered the agency to inform the appellant in writing of the actions taken to comply with the Board's relief order. *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-3, Final Order, ¶ 11 (Aug. 21, 2014). The agency sent the appellant a letter dated October 9, 2014, informing him that it believed it was in full compliance. CF, Tab 8 at 23-25. The appellant argued that this letter was deficient because the agency had not provided affidavits or written documentation of transactions with other agencies, or the names and addresses of the person responsible for implementing the relief order. CF, Tab 9 at 4-5. On November 3, 2014, the administrative judge issued an order summarizing the appellant's continuing compliance concerns. CF, Tab 12. In that order, the administrative judge stated, among other things, "I am requiring the agency to afford the appellant a narrative explanation/accounting of how the back pay payment was calculated and what deductions [were] taken from it, including the dates of the back pay period." *Id.* at 2. In response to this order, the agency filed an explanation on January 29, 2015. CF, Tab 15.

¶7		We find that the agency provided adequate written notice concerning the implementation of the back pay award. A number of the compliance issues originally raised by the appellant concerning the back pay calculations were resolved through the exchange of letters, documentary evidence, telephone status conferences, and meetings. CID at 2. The appellant argues that the agency's letter failed to comply with the Board's order because it did not contain the name and address of the person responsible for compliance; however, the record contains a sworn statement from an agency employee attesting that he "coordinated and monitored" the appellant's reinstatement. CF, Tab 10 at 8. The

appellant's own accounting firm was able to conduct a complete review of the agency's back pay calculations based on the documentary evidence provided by the agency, without needing additional documents, narratives, or explanations. CF, Tab 9, Exhibit (Ex.) H. Based on the foregoing, we find the agency complied with the relief order by informing the appellant in writing of the actions taken to comply with the order.

¶8    In addition to the requirements in the relief order, the administrative judge ordered the agency to file a "narrative explanation" addressing its compliance with the back pay award. CF, Tab 12. An administrative judge has the discretionary authority to order the production of evidence. 5 C.F.R. § 1201.41(b)(10). The Board will not find reversible error in a matter left to an administrative judge's discretion absent an abuse of discretion. *Cf. Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013). The administrative judge found that, to the extent that the appellant never received a narrative statement setting forth the back pay calculation, any such error was harmless because the agency provided a spreadsheet to explain the award and met with the appellant and his representative to answer questions. CID at 3. Having reviewed the record, we find no abuse of discretion in the administrative judge's determination. Even if the agency failed to fully comply with this order to provide a narrative explanation of how the back pay payment was calculated, that error was not harmful because the record contains sufficient other evidence to enable the appellant to identify any compliance issues with the back pay award. He has not shown that he was harmed by not getting the same information concerning the back pay calculation in narrative form. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (denying the petition for review based on alleged procedural errors by the administrative judge when the appellant failed to show how any of the purported errors prejudiced her substantive rights).

¶9    On the day the record closed below, the agency filed a written explanation addressing the compliance issues that the appellant raised in his brief in support of the petition for enforcement.  CF, Tab 19; *see* CF, Tab 17.  The appellant claims that the agency's explanation did not meet "the requirements of the law" and that, by accepting the agency's submission on the day that the record closed, the administrative judge denied him an opportunity to review it and question the agency's actions.  CPFR File, Tab 1 at 14.  Determining when to close the record is within an administrative judge's sound discretion, but such discretion must comport with basic requirements of fairness and notice.  *Blackmer v. Department of the Navy*, 52 M.S.P.R. 571, 574 (1992).  The parties were on notice that the agency had until the close of the record to file a response.  CF, Tab 16.  The appellant neither objected to this notice when it was issued nor attempted to file a response to the agency's submission during the month between the close of the record and the issuance of the compliance initial decision.  The appellant's failure to timely object to the administrative judge's ruling precludes him from doing so on petition for review.  *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (finding that the appellant's failure to timely object to rulings during the hearing precludes his doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013).  Moreover, the appellant was given multiple opportunities to rebut the agency's compliance evidence below, and he now has had the opportunity to raise any outstanding compliance issues through his petition for review.  The administrative judge did not abuse his discretion by determining that the record would close after the agency had one final opportunity to respond to the compliance issues that remained after considerable efforts by both parties to resolve those issues.  CF, Tabs 9, 17.

<u>The appellant is not entitled to restoration of his TSP account loan under the Back Pay Act.</u>

¶10    The appellant argues that the agency is not in compliance because it has not reinstated a loan outstanding from his TSP account when he separated from service. CPFR File, Tab 1 at 9-14. The regulations implementing the Back Pay Act require that an agency correct errors affecting an employee's TSP account consistent with the regulations prescribed by the FRTIB. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 16 (2012) (citing 5 C.F.R. § 550.805(h)). In accordance with the FRTIB's regulations, the appellant had the option to restore the amount withdrawn from his TSP account at the time of his separation and, in such a case, could elect to reinstate an outstanding loan that was treated as a taxable distribution. *See Crazy Thunder-Collier v. Department of the Interior*, 115 M.S.P.R. 82, ¶ 13 (2010) (citing 5 C.F.R. § 1605.13(d)-(e)). The option to restore withdrawn funds expires if the participant does not exercise the option by notifying the FRTIB within 90 days of his reinstatement. 5 C.F.R. § 1605.13(d). The Board has found that this regulation does not obligate an agency to notify an employee of this option. *Crazy Thunder-Collier*, 115 M.S.P.R. 82, ¶¶ 13-14 (stating that it was incumbent on the appellant to make inquiries if she wished to restore funds to her TSP account upon reinstatement).

¶11    We agree with the administrative judge's conclusion that the agency plays no role in reinstating the appellant's TSP loan. CID at 4. To the extent that the administrative judge relied on the tax consequences of the TSP loan being converted to a withdrawal, an issue the appellant believes is irrelevant in his petition for review, CPFR File, Tab 1 at 13, we modify the initial decision. We reach the same conclusion as the administrative judge based on our finding in *Crazy Thunder-Collier*. Since an agency has no obligation to inform the employee of her right to reinstate a TSP loan, the appellant's position that the agency had an obligation to reinstate his loan is untenable.

<u>The agency cannot change the breakage calculated for the appellant's makeup contributions.</u>

¶12      The appellant appears to be arguing that the agency failed to comply with 5 C.F.R. § 1605.13 by not calculating the breakage on his TSP makeup contributions based on investment in the correct fund.  CPFR File, Tab 1 at 7-8, 11, 13-15; *see* CF, Tab 9 at 28, Tab 18, Ex. D.   Makeup contributions are contributions that should have been deducted from an employee's basic pay or contributed by the agency on an earlier date but were not deducted or contributed.  5 C.F.R. § 1605.1.  Breakage is the loss incurred or gain realized on makeup contributions.  *Id.*  Makeup contributions and the associated breakage are invested according to the employee's contribution allocation on the posting date.[3]   5 C.F.R. § 1605.13(a)(3).   Calculating breakage is based on the participant's contribution allocation on file for the "as of" the date.  5 C.F.R. § 1605.2(b).  The "as of" date is the date the TSP contribution should have taken place.  5 C.F.R. § 1605.1(b).

¶13      The appellant appears to be alleging that, at the time of his separation, he had a contribution allocation on file investing all of his contributions in the C Fund, and therefore his breakage should have been calculated based on an investment in that fund.  CF, Tab 9 at 28, Tab 18, Ex. D.  The agency states that it has been advised by the TSP and the Defense Finance and Accounting Service that the management of the appellant's TSP account is a matter between the appellant and the TSP.  CF, Tab 19 at 8.  The appellant acknowledges that he received both makeup contributions and breakage.  CPFR File, Tab 1 at 12.  We agree with the administrative judge's finding that the agency is in compliance with its TSP payment obligations under the applicable regulations.  CID at 4.  Calculating breakage is a function of the FRTIB/TSP, not a function of the employing agency.  *See* 5 C.F.R. § 1605.2 (stating that "[t]he TSP" will calculate

---

[3] Posting date means the date on which a transaction is credited or debited to a participant's account.  5 C.F.R. § 1690.1.

breakage on makeup contributions). The appellant's remedy for errors in the breakage calculation is found in the procedures in 5 C.F.R. Part 1605, Subpart C. *See* 5 C.F.R. § 1605.21(a)(2)(iii).

¶14 The appellant alleges that the "expert testimony" provided in the form of letters from an accounting firm explaining his financial losses was never addressed by the administrative judge. CPFR File, Tab 1 at 7. The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Some of the compliance issues identified by the accounting firm were not included in the appellant's brief in support of his petition for enforcement. The calculation of interest on the back pay award, deductions from the award for union dues, and the number of pay periods the appellant was paid after his reinstatement were identified as compliance issues by the accounting firm, but were not included in the appellant's brief in support of his petition for enforcement. *Compare* CF, Tab 9, Exs. H, K, *with* CF, Tab 17. Each of the remaining issues identified by the accounting firm, including the back pay calculation, the deductions taken from the back pay award for health insurance, and the calculation of breakage, were addressed by the administrative judge in the initial decision and also have been considered and addressed on review. For the foregoing reasons, we find that the agency is in compliance with the relief order.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.